IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA
CIVIL ACTION

| | |
|---|---|
| ERIC S. BAZIS and DIANA MARIE BAZIS<br><br>vs.<br><br>GREGORY McCRARY, TYRELL MARABLE, BMT RENTALS & AUTO LLC | NO. 2:25-cv-05460-AMP |

**JOINT STATUS REPORT AS REQUIRED BY JUDGE POZOS' ORDER DATED SEPTEMBER 4, 2026**

## I. **CONCISE SUMMARY OF THE CASE:**

This matter arises from a February 22, 2025 motor vehicle accident on I-295 in Middletown Township, PA, involving the Plaintiff, Eric S. Bazis, and Defendants, Tyrell Marable ("Marable") and Gregory McCrary ("McCrary"). On the date of the accident, Marable was operating a 2009 GMC Sierra (the "Rental Vehicle") that he had rented from Defendant, BMT Rentals & Auto, LLC ("BMT Rentals"). Plaintiff alleges that, due to electrical and other issues, the Rental Vehicle stalled out repeatedly, and ultimately, became disabled in the right eastbound travel lane of I-295 without Marable having the ability to activate the Rental Vehicle's hazard lights – it was early morning and dark. As a result, McCrary, who was also traveling in the eastbound travel lane, rear-ended the Rental Vehicle, leaving his vehicle (the "McCrary Vehicle") disabled in the left eastbound lane facing the opposite direction. Plaintiff subsequently struck the McCrary Vehicle head on and, as a result, sustained a litany of serious personal injuries as set forth in Plaintiffs' Amended Complaint. Plaintiffs allege that BMT Rentals knew or should have known that the Rental Vehicle was not roadworthy and unsafe to drive as explained more fully in the expert report of plaintiffs'

liability expert, Stephen Blong.[1] Plaintiffs' liability expert report focuses exclusively upon the liability of BMT Rentals and does not address any potential liability of the other drivers Marable and McCrary, both of whom deny responsibility for the subject accident. BMT Rentals denies liability.

At an earlier stage of the case, State Surplus Auto Sales LLC and Ecuastar LLC were named defendants; however, they were deleted as defendants when it appeared that their involvement was not supported by the facts or the law. Plaintiffs and defendant Gregory McCrary have entered into a General Release of all claims.

## II. SUMMARY OF ANY PENDING MOTIONS:

There are no pending Motions.

## III. ANTICIPATED FUTURE PRETRIAL MOTIONS:

Defendant BMT Rentals reserves the right to file a Motion challenging the prospective opinions of plaintiffs' liability expert, Stephen Blong.

Plaintiffs reserve the right to file a Motion to require Defendant BMT Rentals' insurance carrier to reimburse plaintiffs' counsel for expenses incurred in attending the in-person deposition of plaintiffs' liability expert on September 17, 2026 in Las Vegas, Nevada scheduled by counsel for BMT Rentals.

## IV. STATUS OF DISCOVERY:

With the exception of the deposition of plaintiffs' liability expert, Stephen Blong, requested by defense counsel for BMT Rentals, all other discovery has been completed and/or foreclosed by the Scheduling Order of Honorable Wendy Beetlestone dated February 20, 2026.

---

[1] Due to the 10-page limit for this report, plaintiffs will not enclose expert reports; however, these reports are available to send to the Court upon request.

## V. SETTLEMENT DISCUSSIONS:

Settlement discussions have been hampered and complicated by the filing of a Declaratory Judgment Action in New Jersey by the insurance carrier for BMT Rentals, Lancer Insurance Company, seeking to disclaim coverage. The stated amount of coverage is $1,000,000.00, and if BMT Rentals is successful in their Declaratory Judgment Action, plaintiffs will receive no compensation whatsoever from that policy. The New Jersey Declaratory Judgment Action was filed on February 6, 2026, and is being actively pursued in pretrial discovery. At an earlier time, there was some conversation as to whether the instant pending action in Federal Court could be put "on hold" while the Declaratory Judgment Action was completed so as to eliminate the need for trial in the instant case, since it is highly unlikely that this case will require a trial if the New Jersey Declaratory Judgment Action is resolved – regardless as to which party. If Lancer Insurance Company is successful in the Declaratory Judgment Action, plaintiffs will not pursue this case any further since no recovery will be available. Likewise, if plaintiffs Bazis are successful in the New Jersey Declaratory Judgment action, it is likely that the parties will amicably resolve the instant Federal Court action.

For the foregoing reasons, plaintiffs' counsel would respectfully suggest that this case be referred to a Magistrate Judge for the possible procurement of a resolution along these lines.

## VI. ARBITRATION ELIGIBILITY:

This case is not appropriate for arbitration. Plaintiffs' economic damages, in and of themselves, are in a range between $1,845,380.00 and $2,093,043.00 as opined by plaintiffs' vocational expert witness, John Dieckman. Plaintiff has been determined to be completely disabled by Social Security. An equal or larger verdict for non-economic

damages is likely based upon the testimony of plaintiffs, plaintiffs' family members and the medical report of plaintiffs' expert witness, Barry J. Snyder, M.D.

**VII. ANY OTHER ISSUES:**

None known at present.

**VIII. WHERE THE PARTIES DISAGREE:**

See Section IX, post.

**IX. MEET AND CONFER:**

All counsel met via Microsoft Teams Meeting for approximately 20 minutes on Monday, September 14, 2026, as a result of which, all additions/revisions requested by defense counsel to this Joint Status Report were incorporated by plaintiffs' counsel into this Joint Status Report.

Respectfully Submitted,

CHRISTOPHER J. BRILL, ESQ.
Attorney for Plaintiffs
I.D. No. 27535
301 South State Street, Suite N105
Newtown, PA 18940
Phone: 215-860-2500
Fax: 215-860-6863
Email: chris@christopherjbrill.com

Dated: September 14, 2026